UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HERITAGE HOMES GROUP, INC.,<br>  a corporation;<br>HERITAGE BUILDING GROUP, INC.,<br>  a corporation;<br>HERITAGE HIGHGATE, INC.,<br>  a corporation;<br>HERITAGE PARTNERS, INC.,<br>  a corporation; and<br>CJL REALTY MANAGEMENT, LLC,<br>  a limited liability company.<br><br>  Defendants. | Civil No. _____ |

## COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE, AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), by its undersigned attorneys, for its Complaint alleges as follows:

### JURISDICTION AND VENUE

1.  This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the 2009 Omnibus Appropriations Act, Public Law 111-8, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by Section 511 of the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, 123 Stat. 1734, 1763-64 (May 22, 2009)

("Credit Card Act"), and amended by Section 1097 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, 124 Stat. 1376, 2101-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538, to obtain civil penalties, injunctive relief, and other equitable relief for violations of Section 5 of the FTC Act, the Mortgage Acts and Practices - Advertising Rule ("MAP Rule"), 16 C.F.R. Part 321, recodified as Mortgage Acts and Practices - Advertising ("Regulation N"), 12 C.F.R. Part 1014; and the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 - 1666j and its implementing Regulation Z, 12 C.F.R. Part 226, and 12 C.F.R. Part 1026, by Defendants.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355; under 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); and under Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act and amended by Section 1097 of the Dodd-Frank Act.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The Commission is an independent agency of the United States government given statutory authority and responsibility by the FTC Act, *as amended*, 15 U.S.C. §§ 41-58. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. Pursuant to the Omnibus Act, § 626, as clarified by the Credit Card Act, § 511, the Commission promulgated the MAP Rule, 16 C.F.R. Part 321, effective August 19, 2011, which among other things, prohibits misleading or deceptive commercial communications relating to mortgage credit products. On Dec. 16, 2011,

the MAP Rule was recodified as 12 C.F.R. Part 1014, effective Dec. 30, 2011, and designated as "Regulation N." Pursuant to the Dodd-Frank Act § 1097, the FTC retains authority to enforce the MAP Rule and Regulation N. The FTC also enforces TILA, 15 U.S.C. §§ 1601 - 1666j, and Regulation Z, 12 C.F.R. Part 226 and 12 C.F.R. Part 1026.

## DEFENDANTS

5. Defendant Heritage Homes Group, Inc. ("Heritage Homes"), is a Pennsylvania corporation with its principal place of business at 2500 York Road, Jamison, Pennsylvania. Heritage Homes also maintains business offices at 865 Easton Road Suite 250, Warrington, Pennsylvania. Heritage Homes transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Heritage Homes has advertised, marketed, or offered mortgage credit products to consumers throughout the United States. Heritage Homes is a "person" as defined by the MAP Rule, Regulation N, and Regulation Z. 16 C.F.R. § 321.2(f), 12 C.F.R. § 1014.2, 12 C.F.R. § 226.2(a)(22), 12 C.F.R. § 1026.2(a)(22).

6. Defendant Heritage Building Group, Inc. ("Heritage Building"), is a Pennsylvania corporation with its principal place of business at 2500 York Road, Jamison, Pennsylvania. Heritage Building also maintains business offices at 865 Easton Road Suite 250, Warrington, Pennsylvania. Heritage Building transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Heritage Building has advertised, marketed, or offered mortgage credit products to consumers throughout the United States. Heritage Building is a "person" as defined by the MAP Rule, Regulation N, and Regulation Z. 16 C.F.R. § 321.2(f), 12 C.F.R. §1014.2, 12 C.F.R. § 226.2(a)(22), 12 C.F.R. § 1026.2(a)(22).

7. Defendant Heritage Highgate, Inc. ("Heritage Highgate"), is a Pennsylvania corporation with its principal place of business at 2500 York Road, Jamison, Pennsylvania. Heritage Highgate also maintains business offices at 865 Easton Road Suite 250, Warrington, Pennsylvania. Heritage Highgate transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Heritage Highgate has advertised, marketed, or offered mortgage credit products to consumers throughout the United States. Heritage Highgate is a "person" as defined by the MAP Rule, Regulation N, and Regulation Z. 16 C.F.R. § 321.2(f), 12 C.F.R. §1014.2, 12 C.F.R. § 226.2(a)(22), 12 C.F.R. § 1026.2(a)(22).

8. Defendant Heritage Partners, Inc. ("Heritage Partners"), is a Pennsylvania corporation with its principal place of business at 2500 York Road, Jamison, Pennsylvania. Heritage Partners also maintains business offices at 865 Easton Road Suite 250, Warrington, Pennsylvania. Heritage Partners transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Heritage Partners has advertised, marketed, or offered mortgage credit products to consumers throughout the United States. Heritage Partners is a "person" as defined by the MAP Rule, Regulation N, and Regulation Z. 16 C.F.R. § 321.2(f), 12 C.F.R. §1014.2, 12 C.F.R. § 226.2(a)(22), 12 C.F.R. § 1026.2(a)(22).

9. Defendant CJL Realty Management, LLC ("CJL"), is a Pennsylvania limited liability company with its principal place of business at 2500 York Road, Jamison, Pennsylvania. CJL also maintains business offices at 865 Easton Road, Suite 250, Warrington, Pennsylvania. CJL transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, CJL has advertised,

marketed, or offered mortgage credit products to consumers throughout the United States. CJL is a "person" as defined by the MAP Rule, Regulation N, and Regulation Z. 16 C.F.R. § 321.2(f), 12 C.F.R. §1014.2, 12 C.F.R. § 226.2(a)(22), 12 C.F.R. § 1026.2(a)(22).

10.  Defendants Heritage Homes, Heritage Building, Heritage Highgate, Heritage Partners, and CJL (collectively, "Defendants") have operated as a common enterprise while engaging in the unlawful acts and practices alleged below. Defendants have conducted the business practices described below through interrelated companies that have common ownership, officers, managers, business systems, employees, and office locations. Because the Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.

## COMMERCE

11.  At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

12.  Defendants are in the business of building and marketing homes, including the "Heritage Villas" and "Heritage Manors" properties in the Lehigh Valley area of Pennsylvania (collectively, "Heritage Properties").

13.  The Heritage Properties' geographic location enables qualifying consumers to purchase properties through the United States Department of Agriculture's ("USDA") Rural Development Loan Program ("Rural Loan Program"). In conjunction with this program, in some instances, consumers are offered financing, and through the program advertised by Defendants, consumers may be able to obtain certain credits for closing costs. To participate in the USDA

Rural Loan Program and receive financing through the program advertised by Defendants, consumers must pay a minimum deposit at contract signing, must pay at settlement a funding fee and annual fee that is a percentage of the loan amount, and must pay other costs.

14. The USDA Rural Loan Program is not available to all consumers because it has a number of qualifying restrictions. For example, consumers who do not meet the program's credit and income restrictions do not qualify for this program.

15. Since at least August 19, 2011, through websites that they operate, including but not limited to www.heritagehomesgroup.com, as well as through print advertisements in newspapers and direct mail, Defendants have advertised, marketed, or offered "mortgage credit products" for the Heritage Properties. The MAP Rule and Regulation N define "mortgage credit product" as "any form of credit that is secured by real property or a dwelling and that is offered or extended to a consumer primarily for personal, family, or household purposes." 16 C.F.R. §321.2(e), 12 C.F.R. §1014.2.

16. Since at least August 19, 2011, Defendants have made numerous commercial communications offering prominently, among other things, "ZIP. ZERO. NADA.," "$0 Money Down," and "$0 For Paid Closing Costs." In fact, the program and financing advertised by Defendants requires consumers to pay a minimum deposit of up to $2,000 at contract signing, a funding fee of 2%, an annual fee of .4% of the loan at settlement, and other charges.

17. In addition, in numerous advertisements for mortgage credit products, Defendants have prominently stated a monthly payment amount, and failed to disclose adequately material restrictions that apply to the offer, including but not limited to: that the offer has credit and income limits; that an annual fee is required to be paid; and the annual percentage rate. Some of

Defendants' advertisements, including on their website, have failed to state any disclosures regarding the material restrictions, other than, "Restrictions apply."

18.    For example, in numerous instances, Defendants' advertisements on their website at www.heritagehomesgroup.com for the Heritage Properties have prominently featured the following:

# Zip. Zero. Nada.

In smaller text, the ad states:

> **Purchase a new townhome at the Villas at Highgate and you'll pay:**
>
> **$0** Money Down* - Receive 100% financing
> . . .
>
> **$0** For Paid Closing Costs*

The ad also offers:

> The Villas at Highgate
>
> Price Range:   from just $1,198 / month!

In fine print, the advertisements state, "Restrictions apply." No other disclosures regarding the credit terms have been provided in the ad.

19.    In another example, in numerous instances, Defendants' print advertisements have offered the following:

7

# ZIP. ZERO. NADA.

**$ 0 Money Down\***
Receive 100% financing

Why pay more? Hurry in NOM —
Become a Homeowner Here From Just
**$1198/mo!\***

...

**$ 0 For Paid Closing Costs\***

At the bottom of the advertisement, in fine print, the ads have stated the following:

\*Financing program is available through the USDA Rural Development Program. Credit and income limits apply. See sales office for terms, restrictions, and limits. . . A minimum good-faith-deposit of not more than $2,000 is required at contract but will be returned at time of closing if fully funded by the USDA. . . Monthly mortgage payment assumes 102% financing (including 2% USDA Funding Fee), principal (including an annual USDA fee of .4% of loan), interest, estimated taxes, mortgage insurance, and estimated homeowner's insurance. . .

## VIOLATIONS OF THE FTC ACT

20.  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

21.  Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### COUNT I

22.  In numerous instances, through the means described in Paragraphs 12 - 19, Defendants have represented, directly or indirectly, expressly or by implication, that consumers may finance the purchase of a home by paying no money down and no closing costs.

23.  In truth and in fact, in many instances consumers may not finance the purchase of a home by paying no money down and no closing costs. For example, in many instances consumers must pay a minimum good faith deposit of up to $2,000 at contract and, at settlement,

8

must pay a USDA funding fee and other charges, to purchase the Heritage Properties through this financing.

24.     Therefore, Defendants' representations as set forth in Paragraph 22 constitute deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

25.     In numerous instances, through the means described in Paragraphs 12-19, Defendants have represented, directly or indirectly, expressly or by implication, that consumers may purchase a home with specific monthly payment amounts, such as $1,198 per month.

26.     In numerous instances, Defendants have failed to disclose or failed to disclose adequately to consumers material terms and conditions of the offer, including: that these monthly payments require financing through the USDA Rural Loan Program in which credit and income limits apply; that an annual fee is required to be paid; and the annual percentage rate ("APR") for the advertised monthly payments. This additional information would be material to consumers in deciding whether to purchase a home from Defendants.

27.     Defendants' failure to disclose or disclose adequately the material information described in Paragraph 26 in light of the representations described in Paragraph 25 constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **VIOLATIONS OF THE MAP RULE**

28.     In July 2011, the FTC issued the MAP Rule, 16 C.F.R. Part 321, which became effective on August 19, 2011, and which prohibited deceptive claims in mortgage advertising. The MAP Rule was subsequently recodified as Regulation N, 12 C.F.R. Part 1014, which became effective December 30, 2011.

n/a

29.     The MAP Rule and Regulation N define "commercial communication" as "any written or oral statement, illustration, or depiction . . . that is designed to effect a sale or create interest in purchasing goods or services, whether it appears on or in a label, package, package insert, radio, television, cable television, brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, film, slide, audio program transmitted over a telephone system, telemarketing script, on-hold script, upsell script, training materials provided to telemarketing firms, program-length commercial ("infomercial"), the internet, cellular network, or any other medium." 16 C.F.R. § 321.2(a), 12 C.F.R. § 1014.2.

30.     The MAP Rule and Regulation N define a "person" as "any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity." 16 C.F.R. § 321.2(f), 12 C.F.R. §1014.2.

31.     The MAP Rule and Regulation N define "term" as "any of the fees, costs, obligations, or characteristics of or associated with the product. It also includes any of the conditions on or related to the availability of the product." 16 C.F.R. §321.2(g), 12 C.F.R. § 1014.2.

32.     The MAP Rule and Regulation N prohibit any person making a commercial communication concerning a mortgage credit product from making certain materially misleading representations, including but not limited to:

    a.      Misrepresenting any term of any mortgage credit product. 16 C.F.R. § 321.3; 12 C.F.R. § 1014.3;

  b. Misrepresenting the existence, nature, or amount of fees or costs to the consumer associated with the mortgage credit product, including but not limited to misrepresentations that no fees are charged. 16 C.F.R. § 321.3(c); 12 C.F.R. § 1014.3(c);

  c. Misrepresenting the amount of the obligation, or the existence, nature, or amount of cash or credit available to the consumer in connection with the mortgage credit product, including but not limited to misrepresentations that the consumer will receive a certain amount of cash or credit as part of a mortgage credit transaction. 16 C.F.R. § 321.3(j); 12 C.F.R. § 1014.3(j); and

  d. Misrepresenting the consumer's ability or likelihood to obtain any mortgage credit product or term, including but not limited to misrepresentations concerning whether the consumer has been preapproved or guaranteed for any such product or term. 16 C.F.R. § 321.3(q), 12 C.F.R. § 1014.3(q).

  33. Pursuant to Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act, and as amended by Section 1097 of the Dodd-Frank Act, and pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the MAP Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

  34. In numerous instances, in its commercial communications concerning mortgage credit products, Defendants have misrepresented, directly or indirectly, expressly or by implication:

  a. That consumers will pay $0 money down for the mortgage credit product;

11

  b. That consumers will receive 100% financing through the mortgage credit product; and

  c. That consumers will pay no closing costs for the mortgage credit product.

 35. Defendants' representations, as set forth in Paragraph 34, of this Complaint are material misrepresentations in violation of multiple provisions of the MAP Rule and Regulation N. 16 C.F.R. § 321.3(g) and (q), 12 C.F.R. § 1014.3(g) and (q).

## VIOLATIONS OF TILA AND REGULATION Z

 36. Under TILA, 15 U.S.C. §§ 1601 - 1666j, and Regulation Z, 12 C.F.R. Part 226, 12 C.F.R. Part 1026, persons who advertise "closed-end credit," as defined in 12 C.F.R. § 226.2(a)(10), 12 C.F.R. § 1026(a)(10), must comply with the applicable provisions of TILA and Regulation Z, including but not limited to, 12 C.F.R. § 226.24, 12 C.F.R. § 1026.24.

 37. "Credit" is defined as "the right to defer payment of debt or to incur debt and defer its payment." 12 C.F.R. § 226.2(a)(14), 12 C.F.R. § 1026.2(a)(14).

 38. "Closed-end credit" is defined as "consumer credit other than open-end credit." "Open-end credit" is defined as "consumer credit extended by a creditor under a plan in which: (i) The creditor reasonably contemplates repeated transactions; (ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid." 12 C.F.R. § 226.2(a)(10) and (20), 12 C.F.R. § 1026.2(a)(10) and (20).

 39. Regulation Z defines a "person" as "a natural person or an organization, including a corporation, partnership, proprietorship, association, cooperative, estate, trust, or government unit." 12 C.F.R. § 226.2(a)(22), 12 C.F.R. § 1026.2(a)(22).

40. Pursuant to TILA, a violation of TILA constitutes a violation of the FTC Act. 15 U.S.C. § 1607(c).

## COUNT IV

41. In numerous instances, through the means described in Paragraphs 12 – 19, Defendants have advertised closed-end credit to consumers by disseminating advertisements for mortgage loans, including but not limited to advertisements for "$0 Money Down" and for "$1,198/month." In credit advertisements, Defendants have:

   a. Advertised credit terms other than those terms that actually are or will be arranged or offered by the creditor, in violation of Section 226.24(a) of Regulation Z, 12 C.F.R. § 226.24(a), and Section 1026.24(a) of Regulation Z, 12 C.F.R. § 1026.24(a); and

   b. Advertised a payment amount, without disclosing or clearly and conspicuously disclosing: (i) the terms of repayment, which reflect the repayment obligations over the full term of the loan, including any balloon payment, and (ii) the annual percentage rate, using that term or the abbreviation "APR," and, if the annual percentage rate may be increased after consummation, that fact, in violation of Section 144(d) of TILA, 15 U.S.C. § 1664(d), Sections 226.24(d) and (b) of Regulation Z, 12 C.F.R. §§ 226.24(d) and (b), and Sections 1026.24(d) and (b) of Regulation Z, 12 C.F.R. §§ 1026.24(d) and (b).

42. Defendants' acts and practices, as set forth in Paragraph 41, violate TILA and Regulation Z. By engaging in violations of the TILA and Regulation Z, Defendants also have violated the FTC Act. 15 U.S.C. § 1607(c).

## **CONSUMER INJURY**

43. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the MAP Rule, Regulation N, TILA, and Regulation

Z.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

44.   Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to issue a permanent injunction to ensure that Defendants will not continue to violate the FTC Act, the MAP Rule, Regulation N, TILA, and Regulation Z.

45.   Defendants have violated the MAP Rule and Regulation N, as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C.§ 45(m)(1)(A).

46.   Each instance since August 19, 2011, in which Defendants failed to comply with the MAP Rule and Regulation N, in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

47.   Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A) and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, *as amended*, authorizes this Court to award monetary civil penalties of not more than $16,000 for each violation of the MAP Rule and Regulation N.

## PRAYER FOR RELIEF

48.   WHEREFORE, Plaintiff United States of America, pursuant to 15 U.S.C. §§ 45(m)(1)(A), and 53(b), the Omnibus Act, and the Court's own equitable powers, respectfully requests that the Court:

   a.   Enter a judgment against Defendants and in favor of Plaintiff for each law violation alleged in this Complaint;

---

    b.    Enter a permanent injunction to prevent future violations of the FTC Act, the MAP Rule, Regulation N, TILA, and Regulation Z by Defendants;

    c.    Award Plaintiff monetary civil penalties for each violation of the MAP Rule and Regulation N; and

    d.    Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: 6/2/2014

**FOR THE PLAINTIFF:**

**FOR THE UNITED STATES OF AMERICA**

STUART F. DELERY
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

MICHAEL S. BLUME
Director
ANDREW E. CLARK
Assistant Director

JAMES W. HARLOW
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-514-6786
FAX: 202-514-8742
James.W.Harlow@usdoj.gov

FEDERAL TRADE COMMISSION

_____
CAROLE REYNOLDS
MICHELLE GRAJALES
YAA APORI
Attorneys
Federal Trade Commission
601 New Jersey Ave., NW
Mail Drop NJ-3158
Washington, DC 20001
Telephone:  (202) 326-3230 (Reynolds)
            (202) 326-3172 (Grajales)
            (202) 326-3796 (Apori)
Facsimile:  (202) 326-3629
Email:      creynolds@ftc.gov
            mgrajales@ftc.gov
            yapori@ftc.gov