

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

       v.

HERITAGE HOMES GROUP, INC.,
    a corporation;
HERITAGE BUILDING GROUP, INC.,
    a corporation;
HERITAGE HIGHGATE, INC.,
    a corporation;
HERITAGE PARTNERS, INC.,
    a corporation; and
CJL REALTY MANAGEMENT, LLC,
    a limited liability company.

    Defendants.

Civil No. 14- 3173

**FILED**

JUN - 6 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## STIPULATED ORDER FOR
## PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint seeking

a permanent injunction, civil penalties, and other equitable relief in this matter, pursuant to

Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

§§ 53(b) and 56(a)(1). Defendants have been served with the Summons and the Complaint.

Plaintiff and Defendants stipulate to the entry of this Stipulated Order For Permanent Injunction

And Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between

them.

    **THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants disseminated deceptive commercial communications regarding mortgage credit products in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Mortgage Acts and Practices - Advertising Rule ("MAP Rule"), 16 C.F.R. Part 321, and the Mortgage Acts and Practices Advertising Rule (Regulation N) ("Regulation N"), 12 C.F.R. Part 1014.  The Complaint further alleges that Defendants failed to include required disclosures and meet other requirements in its advertisements for mortgage loans, in violation of the Truth in Lending Act ("TILA") 15 U.S.C. 1601-1666j and its implementing Regulation Z, 12 C.F.R. Part 1026.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Commercial communication"** means any written or oral statement, illustration, or depiction that is designed to effect a sale or create interest in purchasing goods or services, whether it appears on or in a label, package, package insert, radio, television, cable television,

brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing

insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display,

film, slide, audio program transmitted over a telephone system, telemarketing script, on-hold

script, upsell script, training materials provided to telemarketing firms, program-length

commercial ("infomercial"), the internet, cellular network, or any other medium.

2.    **"Commission"** means the Federal Trade Commission.

3.    **"Closed-end credit"** means consumer credit other than open-end credit.

4.    **"Credit"** means the right to defer payment of debt or to incur debt and defer its

payment.

5.    **"Defendants"** means Heritage Homes Group, Inc., Heritage Building Group,

Inc., Heritage Highgate, Inc., Heritage Partners, Inc., and CJL Realty Management, LLC

("Defendants" or "the Heritage Entities"), and their successors and assigns.

6.    **"Defendant Heritage Homes Group, Inc."** means Heritage Homes Group, Inc.

and its successors and assigns.

7.    **"Defendant Heritage Building Group, Inc."** means Heritage Building Group,

Inc., and its successors and assigns.

8.    **"Defendant Heritage Highgate, Inc."** means Heritage Highgate, Inc. and its

successors and assigns.

9.    **"Defendant Heritage Partners, Inc."** means Heritage Partners, Inc. and its

successors and assigns.

10.    **"Defendant CJL Realty Management, LLC"** means CJL Realty Management,

LLC and its successors and assigns.

3

11.    "**Mortgage credit product**" means any form of credit that is secured by real property or a dwelling and that is offered or extended to a consumer primarily for personal, family, or household purposes.

12.    "**Open-end credit**" means consumer credit extended by a creditor under a plan in which: (i) the creditor reasonably contemplates repeated transactions; (ii) the creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) the amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.

13.    "**Person**" means any natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, limited or general partnership, corporation, or other business entity.

## ORDER

### I.    MORTGAGE ACTS AND PRACTICES - ADVERTISING

**IT IS HEREBY ORDERED** that Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any mortgage credit product, are hereby permanently restrained and enjoined from:

A.    Misrepresenting, expressly or by implication, any term of any mortgage credit product, including but not limited to:

1.    The interest charged for the mortgage credit product, including but not limited to misrepresentations concerning:

4

      (a)    The amount of interest that the consumer owes each month that is

            included in the consumer's payments, loan amount, or total

            amount due, or

      (b)    Whether the difference between the interest owed and the interest

            paid is added to the total amount due from the consumer;

2.     The annual percentage rate, simple annual rate, periodic rate, or any other

rate;

3.     The existence, nature, or amount of fees or costs to the consumer

associated with the mortgage credit product, including but not limited to

misrepresentations that no fees are charged;

4.     The existence, cost, payment terms, or other terms associated with any

additional product or feature that is or may be sold in conjunction with the

mortgage credit product, including but not limited to credit insurance or

credit disability insurance;

5.     The terms, amounts, payments, or other requirements relating to taxes or

insurance associated with the mortgage credit product, including but not

limited to misrepresentations about:

      (a)    Whether separate payment of taxes or insurance is required; and

      (b)    The extent to which payment for taxes or insurance is included in

            the loan payments, loan amount, or total amount due from the

            consumer;

6.     Any prepayment penalty associated with the mortgage credit product,

including but not limited to misrepresentations concerning the existence,

nature, amount, or terms of such penalty;

7.    The variability of interest, payments, or other terms of the mortgage credit product, including but not limited misrepresentations using the word "fixed";

8.    Any comparison between:

    (a)    Any rate or payment that will be available for a period less than the full length of the mortgage credit product; and

    b)    Any actual or hypothetical rate or payment;

9.    The type of mortgage credit product, including but not limited to misrepresentations that the product is or involves a fully amortizing mortgage;

10.    The amount of the obligation, or the existence, nature, or amount of cash or credit available to the consumer in connection with the mortgage credit product, including but not limited to misrepresentations that the consumer will receive a certain amount of cash or credit as part of a mortgage credit transaction;

11.    The existence, number, amount, or timing of any minimum or required payments, including but not limited to misrepresentations about any payments or that no payments are required in a reverse mortgage or other mortgage credit product;

12.    The potential for default under the mortgage credit product, including but not limited to misrepresentations concerning the circumstances under

which the consumer could default for nonpayment of taxes, insurance, or maintenance, or for failure to meet other obligations;

13.    The effectiveness of the mortgage credit product in helping the consumer resolve difficulties in paying debts, including but not limited to misrepresentations that any mortgage credit product can reduce, eliminate, or restructure debt or result in a waiver or forgiveness, in whole or in part, of the consumer's existing obligation with any person;

14.    The association of the mortgage credit product or any provider of such product with any other person or program, including but not limited to misrepresentations that:

    (a)    The provider or the Defendant is, or is affiliated with, any governmental entity or other organization; or

    (b)    The product is or relates to a government benefit, or is endorsed, sponsored by, or affiliated with any government or other program, including but not limited to through the use of formats, symbols, or logos that resemble those of such entity, organization, or program;

15.    The source of any commercial communication, including but not limited to misrepresentations that a commercial communication is made by or on behalf of the consumer's current mortgage lender or servicer;

16.    The right of the consumer to reside in the dwelling that is the subject of the mortgage credit product, or the duration of such right, including but not limited to misrepresentations concerning how long or under what conditions a consumer with a reverse mortgage can stay in the dwelling;

7

17.    The consumer's ability or likelihood to obtain any mortgage credit product or term, including but not limited to misrepresentations concerning whether the consumer has been preapproved or guaranteed for any such product or term;

18.    The consumer's ability or likelihood to obtain a refinancing or modification of any mortgage credit product or term, including but not limited to misrepresentations concerning whether the consumer has been preapproved or guaranteed for any such refinancing or modification;

19.    The availability, nature, or substance of counseling services or any other expert advice offered to the consumer regarding any mortgage credit product or term, including but not limited to the qualifications of those offering the services or advice; and

20.    That any Defendant itself provides the product, service, plan, or program;

B.    Failing to maintain, for a period of twenty-four months from the last date a person made or disseminated the applicable commercial communication regarding any term of any mortgage credit product, the following evidence of compliance:

1.    Copies of all materially different commercial communications as well as sales scripts, training materials, and marketing materials, regarding any term of any mortgage credit product, that the person made or disseminated during the relevant time period;

2.    Documents describing or evidencing all mortgage credit products available to consumers during the time period in which the person made or disseminated each commercial communication regarding any terms of any

8

mortgage credit product available to consumers; and

    3.    Documents describing or evidencing all additional products or services (such as credit insurance or credit disability insurance) that are or may be offered or provided with the mortgage credit products available to consumers during the time period in which the person made or disseminated each commercial communication regarding any term of any mortgage credit product, including but not limited to the names and terms of each such additional product or service available to consumers;

C.    Misrepresenting, expressly or by implication any material fact concerning any mortgage credit product; and

. D.    Violating the Mortgage Acts and Practices Advertising Rule (Regulation N), 12 C.F.R. Part 1014.

## II.    PROHIBITED MISREPRESENTATIONS CONCERNING THE SALE OF HOMES AND RELATED PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning the sale of homes and related products and services, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics, including but not limited to the following:

A.    That consumers will pay $0 money down to purchase a home or for a mortgage loan;

B.     That consumers will receive 100% financing to purchase a home or through a

mortgage loan; and

C.     That consumers will pay no closing costs to purchase a home or for a mortgage

loan.

## III.    INJUNCTION AGAINST FAILURE TO DISCLOSE MATERIAL TERMS

**IT IS HEREBY ORDERED** that Defendants and Defendants' officers, agents, servants,

employees, and attorneys, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, whether acting directly or indirectly, in connection

with the advertising, marketing, promotion, offering for sale, or sale of any mortgage credit

product are permanently restrained and enjoined from representing a periodic payment amount,

including a monthly payment amount such as for $1,198 per month, and failing to disclose,

clearly, prominently, and contemporaneously:

A.     that the loan requires qualifying and financing through the United States

Department of Agriculture's Rural Development Loan Program or other financing

program, as applicable, in which credit and income limits apply, if true;

B.     that a good faith deposit is required at contract signing, and the amount or

percentage of that deposit, if true;

C.     that a guaranty fee and annual fee are required, and the amount or percentage of

those fees, and that other fees are required, for the financing and are to be paid at

settlement or during the loan, as applicable and if true; and

D.     the annual percentage rate ("APR") for the advertised financing.

10

## IV.    THE TRUTH IN LENDING ACT AND REGULATION Z

**IT IS FURTHER ORDERED** that Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising closed-end credit are hereby permanently restrained and enjoined from:

A.    Advertising credit terms other than those terms that actually are or will be arranged or offered by the creditor;

B.    Advertising a payment amount, without disclosing or clearly and conspicuously disclosing:

    1.    The terms of repayment, which reflect the repayment obligations over the full term of the loan, including any balloon payment;

    2.    The annual percentage rate, using that term or the abbreviation "APR," and, if the annual percentage rate may be increased after consummation, that fact;  and

C.    Violating the Truth in Lending Act, 15 U.S.C. § 1601-1666j and Regulation Z, 12 C.F.R. Part 1026.

## V.    MONETARY JUDGMENT FOR CIVIL PENALTY AND SUSPENSION

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Six Hundred and Fifty Thousand Dollars ($650,000.00) is entered in favor of the Plaintiff against Defendants Heritage Homes Group, Inc., Heritage Building Group, Inc. and Heritage Partners, Inc., jointly and severally, as a civil penalty.

11

B.      The monetary judgment is suspended, subject to the Subsections below.

C.      The Plaintiff's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial attestations") submitted to the Commission, namely:

1.      The Financial Statement of Defendant Heritage Homes Group, Inc., signed by Richard R. Carroll, Jr., Vice-President, including the attachments, submitted by Defendant's counsel Walter Weir, Jr., to Commission counsel Carole Reynolds on November 19, 2013;

2.      The Financial Statement of Defendant Heritage Building Group, Inc., signed by Richard R. Carroll, Jr., President, including the attachments, submitted by Defendants' counsel Walter Weir, Jr., to Commission counsel Carole Reynolds on November 19, 2013;

3.      The Financial Statement of Defendant Heritage Highgate, Inc., signed by Richard R. Carroll, Jr., President on November 19, 2013, including the attachments;

4.      The Financial Statement of Defendant Heritage Partners, Inc., signed by Richard R. Carroll, Jr., President, including the attachments, submitted by Defendants' counsel Walter Weir, Jr., to Commission counsel Carole Reynolds on November 19, 2013;

5.      The Financial Statement of Defendant CJL Realty Management, LLC, signed by Richard R. Carroll, Jr., Manager, including the attachments,

submitted by Defendants' counsel Walter Weir, Jr., to Commission

counsel Carole Reynolds on November 19, 2013; and

6. Additional documentation submitted by electronic mail messages from
Defendants' counsel Walter Weir, Jr., to Commission counsel Carole
Reynolds on the following dates: December 21, 2013, January 2, 2014,
and January 8, 2014, attaching:

   (a) A lease application filed by Defendant CJL Realty Management,
   dated June 11, 2013;

   (b) A hardware/software financing proposal for CJL Realty
   Management, dated July 17, 2013;

   (c) A narrative response and additional supporting documents by
   Defendant Heritage Highgate, Inc., discussing the company's
   petition for bankruptcy under Chapter 11 of the Bankruptcy Code
   in January 2009, dated December 30, 2013; and

   (d) A Judgment Schedule, and a list of Monetary Judgments and
   Settlements Owed by Heritage Building Group.

D. The suspension of the judgment will be lifted as to Defendants Heritage Homes

Group, Inc., Heritage Building Group, Inc., and Heritage Partners, Inc., if, upon

motion by the Plaintiff, the Court finds that any of such Defendants, or Defendant

Heritage Highgate, Inc. or Defendant CJL Realty Management, LLC, failed to

disclose any material asset, materially misstated the value of any asset, or made

any other material misstatement or omission in the financial representations

identified above.

13

E.     If the suspension of the judgment is lifted, the judgment becomes immediately

due as to Defendants Heritage Homes Group, Inc., Heritage Building Group,

Inc. and Heritage Partners, Inc., in the amount specified in Subsection A. above

(which the parties stipulate only for purposes of this Section represents the

amount of the civil penalty for the violations alleged in the Complaint), less any

payment previously made pursuant to this Section, plus interest computed from

the date of entry of this Order.  If the suspension of the judgment is lifted as to

Defendants Heritage Homes Group, Inc., Heritage Building Group, Inc.,

and Heritage Partners, Inc., then Defendants Heritage Highgate, Inc. and CJL

Realty Management, LLC, also are liable for immediate payment of the judgment,

jointly and severally.

F.     Defendants relinquish dominion and all legal and equitable right, title, and interest

in all assets transferred pursuant to this Order and may not seek the return of any

assets.

G.     The facts alleged in the Complaint will be taken as true, without further proof, in

any subsequent civil litigation by or on behalf of the Commission, including in a

proceeding to enforce its rights to any payment or monetary judgment pursuant to

this Order.

H.     Defendants acknowledges that their Taxpayer Identification Numbers (Social

Security Numbers or Employer Identification Numbers), which Defendants must

submit to the Commission, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

14

## VI.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the conduct specified in Sections I, II, III, and IV of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Defendant must: (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which

representatives of the Commission and Plaintiff may use to communicate

with Defendant; (b) identify all of that Defendant's businesses by all of

their names, telephone numbers, and physical, postal, email, and Internet

addresses; (c) describe the activities of each business, including the goods

and services offered, the means of advertising, marketing, and sales; (d)

describe in detail whether and how that Defendant is in compliance with

each Section of this Order; and (e) provide a copy of each Order

Acknowledgment obtained pursuant to this Order, unless previously

submitted to the Commission.

B.    For 20 years after entry of this Order, each Defendant must submit a compliance

notice, sworn under penalty of perjury, within 14 days of any change in the

following:

    1.    Each Defendant must report any change in: (a) any designated point of

contact; or (b) the structure of any entity that Defendant has any

ownership interest in or controls directly or indirectly that may affect

compliance obligations arising under this Order, including: creation,

merger, sale, or dissolution of the entity or any subsidiary, parent, or

affiliate that engages in any acts or practices subject to this Order.

C.    Each Defendant must submit to the Commission notice of the filing of any

bankruptcy petition, insolvency proceeding, or similar proceeding by or against

such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under

penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____ and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Heritage Homes Group, Inc., et al., 1223234.

## VIII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendants, in connection with the conduct specified in Sections I, II, III, and IV of this Order, must create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    Records of all consumer complaints and refund requests related to mortgage credit products, whether received directly or indirectly, such as through a third party, and any response;

17

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each unique advertisement or other marketing material related to mortgage credit products.

## IX.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Plaintiff, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits

18

FEDERAL TRADE COMMISSION


CAROLE REYNOLDS
MICHELLE GRAJALES
YAA APORI
Attorneys
Federal Trade Commission
601 New Jersey Ave., NW
Mail Drop NJ-3158
Washington, DC 20001
Telephone:  (202) 326-3230 (Reynolds)
            (202) 326-3172 (Grajales)
            (202) 326-3596 (Apori)
Facsimile:  (202) 326-3629
Email:      creynolds@ftc.gov
            mgrajales@ftc.gov
            yapori@ftc.gov


FOR DEFENDANTS


Walter Weir, Jr.                              2/5/2014
Weir and Partners LLP                         Date
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
Telephone: (215) 241-7721
Facsimile:  (215) 665-8191
Email:      wweir@weirpartners.com


DEFENDANTS


HERITAGE HOMES GROUP, INC.
HERITAGE BUILDING GROUP, INC.
HERITAGE HIGHGATE, INC.
HERITAGE PARTNERS, INC.

20

CJL REALTY MANAGEMENT, LLC
By:

Richard R. Carroll, Jr., President of
Heritage Homes Group, Inc.; Heritage
Building Group, Inc., and Heritage Highgate
Inc., and Manager of CJL Realty
Management, LLC

2/5/14
Date

21

the Commission's lawful use of compulsory process, pursuant to Sections 9 and

20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___6th___ day of ___June___, 2014.

_____
UNITED STATES DISTRICT JUDGE
LUDWIG, J.

SO STIPULATED AND AGREED:

FOR THE PLAINTIFF:

THE UNITED STATES OF AMERICA

STUART F. DELERY
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

MICHAEL S. BLUME
Director
ANDREW E. CLARK
Assistant Director

_____
JAMES W. HARLOW
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-514-6786
FAX: 202-514-8742
James.W.Harlow@usdoj.gov

19